IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEDRO O. CABRERA,
    Petitioner,

vs.                                  Case No. 3:09cv483/MCR/EMT

SAM CULPEPPER, WARDEN;
WALTER A. MCNEIL, SECRETARY OF PRISONS;
U.S. DEPARTMENT OF JUSTICE IMMIGRATION
AND NATURALIZATION,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's "Motion to Compel 28 U.S.C. § 1361," construed as a petition for writ of mandamus under 28 U.S.C. § 1361 (Doc. 1). The court has not ordered service of the petition upon Respondents because, as discussed herein, summary dismissal of the petition is appropriate.

Petitioner, a resident alien and state prisoner incarcerated at the Walton Correctional Institution, seeks an order requiring federal immigration officials to remove a detainer lodged against him and immediately initiate deportation proceedings (Doc. 1). Petitioner invokes this court's jurisdiction under 28 U.S.C. § 1361 and 8 U.S.C. § 1252(g) (*id.* at 1).

I.     BACKGROUND

Petitioner left Cuba with his parents and siblings in 1971, when he was ten years old (*id.* at 2). He states his first encounter with immigration officials occurred in 1988, when he was released from prison "with no consequences from INS" (*id.* at 2). Petitioner subsequently returned to prison, and while incarcerated in 1997, immigration proceedings occurred, which resulted in a finding that he was deportable (*id.*). Petitioner states he was "picked up" upon his release from incarceration and

"released from KROME with no paperwork" (*id.*).[1]  In 2001, Petitioner returned to prison, and immigration officials lodged a detainer against him (*id.*). Petitioner states he completed his sentence in 2003, and was "picked up" by immigration officials and detained at the Clay County Jail (*id.*). After being detained for eight months, Petitioner filed a habeas petition seeking release on the ground that there was no chance of his removal in the reasonably foreseeable future, and he was thus entitled to release (*id.* at 2–3).[2]  Petitioner was released by immigration officials (*id.*). On February 8, 2009, Petitioner was arrested for burglary of a dwelling (*id.* at 1). He pleaded guilty to burglary of a structure and was sentenced to 48.5 months of incarceration in the Florida Department of Corrections (DOC). Immigration officials lodged a detainer against him on May 25, 2009 (*id.*). Petitioner contends the detainer violates his due process rights and constitutes cruel and unusual punishment because it is depriving him of participation in DOC programs, and he cannot return to Cuba (*id.* at 3). He requests that the court compel immigration officials to remove the detainer and immediately initiate deportation proceedings (*id.* at 1, 5–6).

II.  ANALYSIS

Initially, the court does not have jurisdiction under the federal mandamus statute to compel federal immigration officials to initiate deportation or removal proceedings. Jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a nondiscretionary duty. *See* Heckler v. Ringer, 466 U.S. 602, 616, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."); *see also* Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S. Ct. 320, 74 L. Ed. 809 (1930) (Mandamus may not be employed "to direct the exercise of judgment or discretion in a particular way."). The decision of whether or not an alien is to be deported prior to completing a prison term is a matter solely within the discretion of the United

---

[1] Krome Service Processing Center is the Miami Field Office of the United States Immigration and Customs Enforcement division of the United States Department of Homeland Security. It is a temporary detention center for individuals who are waiting for their immigration status to be determined or who are awaiting repatriation.

[2] Petitioner apparently relied up Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) as authority for his claim (*id.* at 6).

Case No. 3:09cv483/MCR/EMT

States Attorney General. *See* 8 U.S.C. § 1231(a). Because the decision whether to initiate deportation or removal proceedings is discretionary, this court does not have authority to issue a writ of mandamus compelling the United States Attorney General to initiate such proceedings. *See* Kent v. Sec'y of Labor, U.S. Dep't of Labor, 148 F.3d 1264 (11th Cir. 1998) (Secretary of Labor's decision whether to invoke statute authorizing him to act on behalf of persons who were denied unemployment compensation was discretionary; therefore, district court lacked jurisdiction to grant mandamus petition because mandamus was not appropriate form of relief); Einhorn v. DeWitt, 618 F.2d 347, 349 (5th Cir. 1980) (writ of mandamus cannot compel discretionary action).[3]

This court also lacks jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Supreme Court has upheld § 1252(g)'s jurisdictional restriction. *See* Reno v. American-Arab Anti-Discrimination Committee ("AADC"), 525 U.S. 471, 482, 119 S. Ct. 936, 142 L. Ed. 2d 940 (1999). Although AADC expressly requires that courts construe § 1252(g) narrowly, *see id.*, the undersigned finds that the relief sought by Petitioner comes within the "execut[ion]" prohibition of § 1252(g), as he acknowledges that an order of deportation has been issued against him and requests that this court direct immigration officials to execute that order. *Cf.* AADC, 525 U.S. at 484–85 (clarifying that the Attorney General's discretion with respect to executing removal orders includes "his discretion to abandon the endeavor" whether "for humanitarian reasons or simply for . . . convenience"). Therefore, jurisdiction over the instant petition is barred by § 1252(g). *See, e.g.*, Ceja v. Immigration and Customs Enforcement, No. 1:08-CV01708, 2009 WL 910858, at *3 (E.D. Cal. Apr. 2, 2009) (under § 1252(g), district court was without power to compel ICE to act upon detainer by conducting removal or deportation hearing)

Moreover, it is well settled that Petitioner has no private right of action to compel the Attorney General to deport or remove him from the United States before the completion of his

---

[3] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

criminal sentence. 8 U.S.C. § 1231(a)(4)(D); *see, e.g.*, Lynch v. United States, No. 07-CR-829, 2009 WL 2045382, at *1 (E.D.N.Y. July 8, 2009) (denying pro se motion for immediate deportation, which the district court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on ground that Attorney General, not district court, has discretion to grant relief sought by petitioner under 8 U.S.C. § 1231(a)(4), and petitioner had no private right of action under § 1231(a)(4) to compel Attorney General to deport or remove him from United States before completion of criminal sentence); Espinal v. I.N.S., No. 4:07cv3370, 2008 WL 161920, at **1–2 (N.D. Ohio Jan. 15, 2008) (denying prisoner alien's petition for immediate immigration hearing on grounds that prisoner alien lacks standing to seek mandamus relief to obtain expedited deportation hearing before targeted date of release from incarceration, and alien had no constitutional or statutory right to expedited order of deportation) (citing 8 U.S.C. § 1231(a)(4)(D)); Thye v. United States, 109 F.3d 127 (2d Cir. 1997) (8 U.S.C. § 1231(a)(4)(D), formerly § 1252(h)(2)(A), does not create private right of action that would allow party to compel Attorney General to act).

Finally, the court does not have jurisdiction under the habeas statutes because the filing of a detainer, standing alone, does not cause Petitioner to come within the custody of the INS for purposes of habeas corpus jurisdiction. *See* Oguejiofor v. Attorney General, 277 F.3d 1305, 1308 n. 2 (11th Cir. 2002) (citing Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)); *see also* Sierra v. Department of Homeland Sec., No. 5:07cv36/RS/MD, 2008 WL 2157089, at **2–3 (N.D. Fla. May 21, 2008) (dismissing on jurisdictional grounds petitioner's habeas petition challenging ICE detainer and requesting order requiring Department of Homeland Security to immediately hold hearing on detainer) (citing Oguejiofor, Orozco, *supra*).

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Motion to Compel 28 U.S.C. § 1361," construed as a petition for writ of mandamus (Doc. 1), be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 3rd day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:09cv483/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**